1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    AMAZON.COM, INC., et al.,                    CASE NO. C22-1120JLR

11                           Plaintiffs,           ORDER

12              v.

13    KEXLEWATERFILTERS, et al.,

14                           Defendants.

## I.    INTRODUCTION

Before the court is Plaintiffs Amazon.com, Inc., Amazon.com Services LLC

(together, "Amazon"), General Electric Company, and Haier US Appliance Solutions,

Inc.'s (collectively, "Plaintiffs") *ex parte* renewed motion for alternative service of

process.  (Mot. (Dkt. # 25).)  As they did in their first motion for alternative service of

process (*see* 2/7/23 Mot. (Dkt. # 18); 2/15/23 Order (Dkt. # 22) (denying Plaintiffs' first

//

//

1    motion)), Plaintiffs seek leave to serve 16 named Defendants[1] using the email addresses

2    associated with their Amazon Selling Accounts (*see generally* Mot.).  Plaintiffs have

3    been unable to identify accurate business addresses for Defendants and believe that

4    Defendants are located in China.  (*See* 2/15/23 Order at 2-4 (describing Plaintiffs' efforts

5    to obtain information about Defendants' identities and locations).)  The court has

6    considered the motion, all materials submitted in support of the motion, the relevant

7    portions of the record, and the governing law.  Being fully advised, the court GRANTS

8    Plaintiffs' *ex parte* renewed motion for alternative service of process.

9        Federal Rule of Civil Procedure 4(h) governs service of process on foreign

10   businesses.  Fed. R. Civ. P. 4(h).  Rule 4(h)(2) authorizes service of process on a foreign

11   corporation "at a place not within any judicial district of the United States, in any manner

12   prescribed by Rule 4(f) for serving an individual, except personal delivery under

13   (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rules 4(f)(1) and 4(f)(2) provide specific methods

14   of serving process on individuals in foreign countries.  *See* Fed. R. Civ. P. 4(f)(1)-(2).

15   Rule 4(f)(3) allows international service by a method not listed in Rule 4(f)(1) or (2) if

16   the method is "not prohibited by international agreement, as the court orders."  Fed. R.

17   Civ. P. 4(f)(3).  As long as the method of service is "court-directed and not prohibited by

18   an international agreement, service of process ordered under Rule 4(f)(3) may be

19

20   [1] These Defendants are the individuals and entities doing business as the following
     Amazon Selling Accounts:  KexleWaterFilters, HOM-POWER Store, NO-MIIMS, CLANORY,
21   Tomorrow-Citystor, HOMASZ, Romarotic, Dropsales, Tamei-US, DanielJames, icepy,
     WanHaoFilter, HNAMZ-US, DOOBOO-US, Purtech, and Barcelona-US.  (Compl. (Dkt. # 1)
22   ¶¶ 13-28.)  Plaintiffs also allege claims against ten unknown Doe Defendants whom they allege
     work "in active concert with each other and the named Defendants."  (*Id.* ¶ 29.)

1  accomplished in contravention of the laws of the foreign country." *Rio Props., Inc. v. Rio*

2  *Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

3  "Even if facially permitted by Rule 4(f)(3)," however, "a method of service of

4  process must also comport with constitutional notions of due process." *Id.* at 1016.

5  Thus, the "method of service crafted by the district court must be 'reasonably calculated,

6  under all the circumstances, to apprise interested parties of the pendency of the action and

7  afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane*

8  *v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  Thus, before authorizing

9  alternative service of process by email, the court must be satisfied that service by email

10  (1) is permitted under Rule 4(f)(3) and (2) comports with due process.

11  In its February 15, 2023 order denying Plaintiffs' first motion for alternative

12  service of process, the court determined that service of process by email to defendants in

13  China is permitted under Rule 4(f)(3) but Plaintiffs had not shown that serving

14  Defendants by email would comport with due process.  (2/15/23 Order at 6-10.)  After

15  reviewing recent case law, the court concluded that "the due process requirement for

16  alternative service by email is satisfied when the plaintiff demonstrates that the email

17  addresses at issue are valid and are successfully receiving messages." (*Id.* at 8-9

18  (discussing multiple cases).)  The court denied Plaintiffs' motion because Plaintiffs had

19  not demonstrated that the email addresses associated with Defendants' Amazon Selling

20  Accounts were still valid and that service of process by email would be likely to provide

21  Defendants with notice of this lawsuit.  (*Id.* at 9-10.)  The court instructed Plaintiffs that

22  they could renew their motion with evidence that email to Defendants' Amazon Selling

1   Account email addresses remains a reliable means of communicating with Defendants.

2   (*Id.* at 10.)

3          Since the court issued that order, Plaintiffs have sent test emails to the email

4   addresses that Defendants used when they registered for their Amazon Selling Accounts.

5   (Mot. at 2; Lewis Decl. (Dkt. # 26) ¶¶ 8-9.)  These email addresses are the primary means

6   of communication between Amazon and Defendants.  (Haskell Decl. (Dkt. # 20) ¶ 6.)

7   The test emails provided notice of this lawsuit and included the summons and complaint

8   as attachments.  (Lewis Decl. ¶ 9.)  Plaintiffs found that at least one email address

9   registered by each Defendant remains functional.  (*Id.* (stating that Plaintiffs received no

10  error notices or bounce-back messages with respect to the test emails); *id*. ¶ 10 (listing the

11  functioning email address for each Defendant).)

12         Based on these facts, the court concludes that Plaintiffs have demonstrated that the

13  email addresses associated with Defendants' Selling Accounts are still valid and that

14  service of process by email to those addresses is likely to provide Defendants notice of

15  this lawsuit.  As a result, the court is satisfied that Plaintiffs' proposed alternative method

16  of service comports with due process requirements.  (*See* 2/15/23 Order at 9-10.)

17  Accordingly, the court GRANTS Plaintiffs' *ex parte* renewed motion for alternative

18  service of process (Dkt. # 25) and AUTHORIZES Plaintiffs to effect service on

19  Defendants by emailing the summons and complaint to Defendants using the email

20  //

21  //

22  //

ORDER - 4

1   addresses associated with their Amazon Selling Accounts.  The court further ORDERS

2   Plaintiffs to advise the court of the status of service by no later than June 30, 2023.

3           Dated this 31st day of May, 2023.


_____
JAMES L. ROBART
United States District Judge