UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KEXLEWATERFILTERS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C22-1120JLR<br><br>ORDER |

## I.　　INTRODUCTION

Before the court is Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), General Electric Company, and Haier US Appliance Solutions, Inc.'s (collectively, "Plaintiffs") *ex parte* motion for leave to file an amended complaint and for alternative service of process.  (Mot. (Dkt. # 31).)  Plaintiffs seek leave to amend their complaint to add ten new Defendants whom they identified through expedited discovery conducted in accordance with the court's October 26, 2022 order.  (*Id.* at 1, 2-6; Redlined Prop. Am. Compl. (Dkt. # 32-1); Prop. Am. Compl. (Dkt. # 32-2); *see*

ORDER - 1

10/26/22 Order (Dkt. # 14) (granting expedited discovery).) They also seek leave to serve the ten new Defendants by email. (Mot. at 1, 6-7; *see* 5/31/23 Order (Dkt. # 27) (authorizing service on the original 16 Defendants by email).) Although the original Defendants have been served, none have appeared in this action. (*See* Cert. of Service (Dkt. # 28) (stating that Plaintiffs successfully served the original Defendants); *see generally* Dkt.) Being fully advised, the court GRANTS Plaintiffs' *ex parte* motion for leave to amend their complaint and DENIES their motion for alternative service of process.

## II.   BACKGROUND

The court set forth the relevant background regarding this case and the 16 original Defendants in its orders on Plaintiffs' motions for leave to serve the original Defendants by email. (*See* 2/15/23 Order (Dkt. # 22) at 2-5; 5/31/23 Order at 3-4.) Therefore, the court focuses here on the background relevant to Plaintiffs' current motion.

In their original complaint, Plaintiffs named as Defendants 16 Amazon Selling Accounts,[1] in addition to ten unknown Doe Defendants whom they alleged work "in active concert with each other and the named Defendants" to advertise, market, and sell counterfeit General Electric-branded water filters in the Amazon Store. (*See* Compl. (Dkt. # 1) ¶¶ 7, 13-29.) Plaintiffs assert that they have now identified the individuals associated with ten of these Amazon Selling Accounts by matching information and

---

[1] These Amazon Selling Accounts are KexleWaterFilters, HOM-POWER Store, NO-MIIMS, CLANORY, Tomorrow-Citystor, HOMASZ, Romarotic, Dropsales, Tamei-US, DanielJames, icepy, WanHaoFilter, HNAMZ-US, DOOBOO-US, Purtech, and Barcelona-US. (Compl. (Dkt. # 1) ¶¶ 13-29.)

documents received in response to a third-party subpoena issued to Defendants' payment service provider with information in Amazon's internal records. (Buckley Decl. (Dkt. # 32) ¶ 2; *see* Prop. Am. Compl. ¶¶ 14-39.[2]) These records indicate that the individuals are located "primarily in China." (*Id.*)

### III.   ANALYSIS

The court first considers Plaintiffs' motion to amend, then turns to Plaintiffs' motion for leave to serve the new Defendants by email.

**A.   Motion to Amend**

Plaintiffs seek leave to amend their complaint to add the ten newly-identified individuals as Defendants. (Mot. at 2-7.) Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider five factors when assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). The court finds no evidence in the record to indicate bad faith, undue delay, prejudice, or futility of amendment; and Plaintiffs have not previously amended their complaint. Accordingly, the court

---

[2] These individuals are Yue Xuan, doing business as HOM-POWER Store; Wang NianQi, doing business as NO-MIIMS; Deng Yi, doing business as Romarotic; Tan Mei, doing business as Tamei-US; Dao Ping Yang, doing business as icepy; Zheng Li, doing business as WanHaoFilter; Fang Jie Li, doing business as HNAMZ-US; Wang Chun Xia, doing business as DOOBOO-US; Liping Yang, doing business as Purtech; and Liu Ying Lian, doing business as Barcelona-US. (*Id.*)

GRANTS Plaintiffs leave to amend their complaint to add the ten individuals whom they allege are associated with the Defendant Amazon Selling Accounts as new Defendants.

**B.      Motion to Serve by Email**

Plaintiffs ask the court for leave to serve the new individual Defendants by email using the email addresses for the Amazon Selling Accounts with which those individuals are associated. (Mot. at 6.) Federal Rule of Civil Procedure 4(h) governs service of process on foreign businesses. Fed. R. Civ. P. 4(h). Rule 4(h)(2) authorizes service of process on a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rules 4(f)(1) and 4(f)(2) provide specific methods of serving process on individuals in foreign countries. *See* Fed. R. Civ. P. 4(f)(1)-(2). Rule 4(f)(3) allows international service by a method not listed in Rule 4(f)(1) or (2) if the method is "not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As long as the method of service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The court has previously concluded that Rule 4(f)(3) permits service by email to defendants in China. (*See* 2/15/23 Order at 6-8.)

"Even if facially permitted by Rule 4(f)(3)," however, "a method of service of process must also comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016. The "method of service crafted by the district court must be 'reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The court has previously concluded that the due process requirement for alternative service by email is satisfied when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages. (2/15/23 Order at 8-9 (discussing multiple cases).) Thus, Plaintiffs must provide evidence that email messages sent to the email addresses associated with the original Defendants' Amazon Selling Accounts provide a reliable means of communicating with the new Defendants and are likely to provide the new Defendants with notice of this lawsuit. (*See id.* at 9-10 (denying Plaintiffs' first motion for leave to serve the original Defendants by email because they had not made this required showing); 5/31/23 Order at 4-5 (granting Plaintiffs' second motion for leave to serve the original Defendants by email after they provided evidence that the email addresses associated with the Amazon Selling Accounts were still valid and receiving messages).)

Plaintiffs assert that service by email to the new individual Defendants comports with due process because they have already (1) demonstrated that the email addresses associated with the relevant Amazon Selling Accounts are valid and receiving messages and (2) successfully served the original Defendants by email. (Mot. at 6.) Plaintiffs, however, do not appear to have sent email messages to those email addresses since they effected service by email on June 6, 2023. (*See* Cert. of Service at 1.) Because it has been nearly four months since Plaintiffs tested the validity of those email addresses, the

court is not satisfied that email to those addresses remains a reliable means of contacting the individuals associated with the Amazon Selling Accounts. As a result, the court DENIES Plaintiffs' motion for leave to serve the ten new Defendants without prejudice to renewing their motion with evidence that the email addresses associated with the relevant Amazon Selling Accounts remain valid.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiffs' *ex parte* motion for leave to file an amended complaint and for alternative service (Dkt. # 31). The court ORDERS as follows:

(1)   Plaintiffs' motion to amend their complaint is GRANTED. Plaintiffs shall file their first amended complaint by no later than **October 6, 2023**; and

(2)   Plaintiffs' motion for leave to serve the ten new Defendants by email is DENIED without prejudice. Plaintiffs may renew their motion with evidence that the email addresses associated with the relevant Amazon Selling Accounts remain valid.

Dated this 29th day of September, 2023.

JAMES L. ROBART
United States District Judge