UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>  Plaintiffs,<br>  v.<br><br>KEXLEWATERFILTERS, et al.,<br><br>  Defendants. | CASE NO. C22-1120JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), General Electric Company, and Haier US Appliance Solutions, Inc.'s (collectively, "Plaintiffs") *ex parte* renewed motion for alternative service of process of their first amended complaint. (Mot. (Dkt. # 36).) Plaintiffs again seek leave to serve the ten new Defendants named in their amended complaint by email. (*Id.*; *see* Am. Compl. (Dkt. # 34); *see* 9/29/23 Order (Dkt. # 33) (denying Plaintiffs' first motion to serve the new Defendants by email).) Although the original Defendants have been

ORDER - 1

served, none have appeared in this action. (*See* Cert. of Service (Dkt. # 28) (stating that Plaintiffs successfully served the original Defendants by email). *See generally* Dkt.) Being fully advised, the court GRANTS Plaintiffs' *ex parte* renewed motion for alternative service of process.

## II. BACKGROUND

The court set forth the relevant background regarding this case and service on the 16 original Defendants in its prior orders regarding alternative service of process. (*See* 2/15/23 Order (Dkt. # 22) at 2-5; 5/31/23 Order (Dkt. # 27) at 3-4.) Therefore, the court focuses here on the background relevant to Plaintiffs' current motion.

In their original complaint, Plaintiffs named as Defendants 16 Amazon Selling Accounts[1] and ten unknown Doe Defendants whom they alleged work "in active concert with each other and the named Defendants" to advertise, market, and sell counterfeit General Electric-branded water filters in the Amazon Store. (*See* Compl. (Dkt. # 1) ¶¶ 7, 13-29.) Plaintiffs later identified the individuals associated with ten of the Amazon Selling Accounts by matching information and documents they received in response to a third-party subpoena issued to Defendants' payment service provider with information in Amazon's internal records. (9/28/23 Buckley Decl. (Dkt. # 32) ¶ 2; *see* Am. Compl.

//
//

---

[1] These Amazon Selling Accounts are KexleWaterFilters, HOM-POWER Store, NO-MIIMS, CLANORY, Tomorrow-Citystor, HOMASZ, Romarotic, Dropsales, Tamei-US, DanielJames, icepy, WanHaoFilter, HNAMZ-US, DOOBOO-US, Purtech, and Barcelona-US. (Compl. (Dkt. # 1) ¶¶ 13-29.)

ORDER - 2

¶¶ 13-40 (adding the newly identified individuals as Defendants[2]).) These records indicate that the individuals are located "primarily in China." (9/28/23 Buckley Decl. ¶ 2.)

On September 29, 2023, the court granted Plaintiffs leave to amend their complaint to add the ten new Defendants but denied leave to serve those Defendants using the email addresses associated with their Amazon Selling Accounts. (*See generally* 9/23/23 Order.) The court denied leave to serve the new Defendants by email because it was not satisfied that email messages sent to the email addresses associated with the Amazon Selling Accounts remained a reliable means of contacting the individuals associated with those accounts. (*Id.* at 5-6 (noting that it had been nearly four months since Plaintiffs last tested the validity of those email addresses).) The denial, however, was without prejudice to Plaintiffs renewing their motion with evidence that the email addresses associated with the relevant Amazon Selling Accounts remained valid. (*Id.*)

Plaintiffs filed their amended complaint on October 4, 2023. (*See* Am. Compl.) On October 10, 2023, Plaintiffs sent test email messages to the ten new individual Defendants using the email addresses associated with those Defendants' Amazon Selling Accounts. (11/13/23 Buckley Decl. (Dkt. # 36-1) ¶¶ 2-4.) Plaintiffs report that they have confirmed that at least one email address associated with each individual Defendant

---

[2] The newly-named individual Defendants are Yue Xuan, doing business as HOM-POWER Store; Wang NianQi, doing business as NO-MIIMS; Deng Yi, doing business as Romarotic; Tan Mei, doing business as Tamei-US; Dao Ping Yang, doing business as icepy; Zheng Li, doing business as WanHaoFilter; Fang Jie Li, doing business as HNAMZ-US; Wang Chun Xia, doing business as DOOBOO-US; Liping Yang, doing business as Purtech; and Liu Ying Lian, doing business as Barcelona-US. (*Id.*)

ORDER - 3

remains functional.  (*Id.* ¶¶ 2 (stating that Plaintiffs "received no error notices or bounce back messages with respect to those emails"), 4 (listing the functional email addresses).)  They filed this renewed motion for alternative service on November 13, 2023.  (*See* Mot.)

### III.   ANALYSIS

Federal Rule of Civil Procedure 4(h) governs service of process on foreign businesses.  Fed. R. Civ. P. 4(h).  Rule 4(h)(2) authorizes service of process on a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rules 4(f)(1) and 4(f)(2) provide specific methods of serving process on individuals in foreign countries.  *See* Fed. R. Civ. P. 4(f)(1)-(2).  Rule 4(f)(3) allows international service by a method not listed in Rule 4(f)(1) or (2) if the method is "not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  As long as the method of service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  The court has previously concluded that Rule 4(f)(3) permits service by email to defendants in China.  (*See* 2/15/23 Order at 6-8.)

"Even if facially permitted by Rule 4(f)(3)," however, "a method of service of process must also comport with constitutional notions of due process."  *Rio Props.*, 284 F.3d at 1016.  The "method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The court has previously concluded that the due process requirement for alternative service by email is satisfied when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages. (2/15/23 Order at 8-9 (discussing multiple cases).) Thus, Plaintiffs must provide evidence that email messages sent to the email addresses associated with the original Defendants' Amazon Selling Accounts provide a reliable means of communicating with the new Defendants and are likely to provide the new Defendants with notice of this lawsuit. (*See id.* at 9-10 (denying Plaintiffs' first motion for leave to serve the original Defendants by email because they had not made this required showing); 5/31/23 Order at 4-5 (granting Plaintiffs' second motion for leave to serve the original Defendants by email after they provided evidence that the email addresses associated with the Amazon Selling Accounts were still valid and receiving messages); 9/23/23 Order at 5-6 (denying Plaintiffs' first motion for leave to serve the new Defendants by email because they had not shown that the email addresses associated with the relevant Amazon Selling Accounts remained valid).)

The court is now satisfied that email messages sent to the email addresses associated with the new Defendants' Amazon Selling Accounts remain a reliable means of communicating with the new Defendants and are likely to provide the new Defendants with notice of this lawsuit. (*See* 11/13/23 Buckley Decl. ¶¶ 2-4.) Thus, the court concludes that service by email to the new Defendants comports with due process. Accordingly, the court GRANTS Plaintiffs' renewed motion for leave to serve the ten

new Defendants using the email addresses associated with their Amazon Selling Accounts.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' *ex parte* renewed motion for alternative service of process of their first amended complaint (Dkt. # 36) and AUTHORIZES Plaintiffs to effect service on the ten individual Defendants by emailing the summons and first amended complaint to those Defendants using the email addresses associated with their Amazon Selling Accounts. The court further ORDERS Plaintiffs to advise the court of the status of service by no later than **December 15, 2023**.

Dated this 15th day of November, 2023.

JAMES L. ROBART
United States District Judge