# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>KEXLEWATERFILTERS, et al.,<br><br>          Defendants. | JUDGMENT IN A CIVIL CASE<br><br>CASE NO. C22-1120JLR |

__    **Jury Verdict**.  This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X**    **Decision by Court**.  This action came to consideration before the court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

Plaintiffs' motion for default judgment (Dkt. # 45) is GRANTED.  The court ORDERS as follows:

1.    The court awards Plaintiffs General Electric Company ("GE"), and Haier US Appliance Solutions, Inc., doing business as GE Appliances ("GEA") statutory damages in the amount of three times the aggregate sales of counterfeit products from each Defendant's respective Amazon.com selling accounts, based on Defendants' willful violations of the Lanham Act as follows:

   a.    An award of $426,622 against Defendant Tan Mei for counterfeit sales from the Tamei-US selling account.

   b.    An award of $293,978 against Defendant Dao Ping Yang for counterfeit sales from the icepy selling account.

   c.    An award of $38,351 against Defendant Liping Yang for counterfeit sales from the Purtech selling account.

2. Defendants and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them who receive actual notice of the order, are permanently enjoined and restrained from:

    a. selling counterfeit or infringing products in Plaintiffs Amazon.com, Inc., Amazon.com Services LLC's (together, "Amazon") stores;

    b. selling counterfeit or infringing products to Amazon or any Amazon affiliate;

    c. manufacturing, importing, distributing, offering to sell, or selling any product using the GE brand or trademarks, or which otherwise infringes GE's intellectual property, in any store or in any medium; and

    d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities listed in (a) through (c) above.

3. Plaintiffs' false advertising claims are DISMISSED without prejudice. (*See* Dkt. # 45 at 7 n.3) (voluntarily dismissing these claims).)

4. The court retains jurisdiction over this case for the purpose of enforcing this order and injunction, and for any supplemental proceedings that may be authorized by law.

5. Plaintiffs' counsel are DIRECTED to serve a copy of this judgment to Defendants at the last email addresses known to be used by Defendants or at the last physical address at which they received service.

Filed this 30th day of May, 2024.

RAVI SUBRAMANIAN
Clerk of Court

s/ Ashleigh Drecktrah
Deputy Clerk